# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1903.

CASE 1—ACTION BY BEN. SPAULDING AGAINST C. S. HILL TO RECOVER
A PERCENTAGE ON CERTAIN JUDGMENTS IN SUITS INSTITUTED
WHILE PLAINTIFF WAS COUNTY ATTORNEY.—MARCH 3.

## Spaulding v. Hill.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

PROSECUTING ATTORNEYS—FINES—COMMISSION—EXPIRATION OF OFFICE
—VALIDITY OF AGREEMENT TO COMPROMISE PROSECUTIONS.

Held:   1. Kentucky Statutes, section 133, provides that in all pros-
ecutions in the circuit court, when the county attorney is pres-
ent and assists, he shall receive from the State treasurer twenty-
five per cent. of all judgments rendered in favor of the Common-
wealth.   HELD, that such section referred to the county attor-
ney who assisted in the prosecution when the judgment was
rendered, only, and did not entitle a county attorney to an allow-
ance where his term of office expired before the rendition of judg-
ment, though he assisted at the trial.
2. Where, after a successful prosecution of two indictments against
a railroad company it was agreed between the Commonwealth's
attorney and defendant's attorney that an appeal should be taken,
and if the judgment should be affirmed the railroad would con-
sent to a fine in each of three of twelve remaining indictments,
and that the remaining nine indictments should be dismissed,
such agreement was not binding either on the attorneys or on the
court; and whether it should be acted on, on affirmance of the
judgment appealed from, was within the trial court's discretion.

                           Spaulding v. Hill.

J. P. THOMPSON AND S. A. RUSSELL, FOR APPELLANT.

The appellant, Ben. Spaulding, was certainly present and as-
sisted in the prosecution of the L. & N. R. R. Co., in all the
indictments that were procured against it. There are only two
questions for the court to consider.

1. Were the judgments at the January term, 1902, entered in
pursuance of the agreement made and entered into between the
Commonwealth and the railroad company?

2. Do the judgments relate back to the date of that agreement?

We think the court will have to answer both questions in the
affirmative.

In law and justice the man who does the work is entitled to
the commission. It is not pretended that appellee, Hill, ren-
dered any service whatever. If there had been a trial at the
January term, 1902, after Hill went into office and he had been
present and assisted, he would have been entitled to the commis-
sion; but there being no trial at that time, no assistance could
be rendered by him. The service had all been previously ren-
dered by appellant, Spaulding, and the judgments were entered
pursuant thereto.

H. W. RIVES, ATTORNEY FOR APPELLEE.

The court was not a party to the private agreement made, be-
tween the Commonwealth's attorney and the attorney of the
railroad company, that if the appealed cases were affirmed,
the company would confess judgment in three of the remaining
indictments, and the other nine should be dismissed. Neither
the court nor the attorney for the Commonwealth, nor the rail-
road, was bound by this agreement, although the court may,
where it is satisfied such agreements have been made in good
faith, allow the judgments to be entered accordingly on the
motion and consent of the parties making them.

The right of the Commonwealth's attorney as well as the
county attorney to a per cent. of the fine does not accrue until
the rendition of the judgment, and at the time the judgments
were entered in these cases appellant was out of office and ap-
pellee was in office, and was present consulting and advising with
the Commonwealth's attorney, and is clearly legally entitled to
the commission.

OPINION OF THE COURT DELIVERED BY JUDGE NUNN—AFFIRMING.

Ben Spaulding was the county attorney of Marion coun-
ty from January, 1898, to the sixth day of January, 1902,
on which date appellee. C. S. Hill, succeeded him in said

office.  During the term of appellant's office the grand jury of Marion county returned 14 indictments against the Louisville & Nashville Railroad Company, and two of said indictments were tried before a jury; the verdict being a fine of $300 in one case, and $350 in the other.  The railroad's counsel, desiring to appeal from the judgment to test the liability of said railroad, made a private agreement with the Commonwealth's attorney, W. H. Sweeney, that the remaining indictments be filed away, and, in the event the judgment in the two cases mentioned were affirmed on appeal, then, in such event, the railroad company would consent to a fine of $400 in each of three of the other cases; the other nine to be dismissed.  Some time in the latter part of the year 1901 the judgments in the two cases were affirmed.  The Commonwealth's attorney had the 12 cases reinstated on the docket, and at the January term, 1902, and after the appellee, Hill, had been inducted into office, a judgment of $400 in each of the three cases was rendered against the railroad company, and the nine remaining cases were dismissed.  The issue between these parties is as to who is entitled to the 25 per cent. allowed to the county attorney, of said last three judgments; each of them claiming that they were present and assisting in the obtention of the judgments.  The appellant filed his petition, claiming the $300, and asked the court to enjoin the Auditor of the State from paying, and the appellee, Hill, from receiving, the sum.  The lower court refused to grant the injunction, and dismissed appellant's petition, and the appellant is here on appeal.

Appellant claims that he aided and assisted in getting up the evidence upon which the grand jury returned the indictments; that he was present and consented to the agreement between the Commonwealth's attorney and the rail-

Spaulding v. Hill.

road's attorney, and that, by reason of the private agree-
ment between the Commonwealth's attorney and the rail-
road's attorney, the liability of the railroad was fixed upon
a contingency dependent upon the result of the appeal
from the two first judgments; and that the judgments were
affirmed during his term of office, which, he claims, fixed the
liability of the railroad to pay the $1,200 (which by the
agreement it had promised to pay), although the judg-
ments were not rendered thereon during his term of office.

Section 133 of the Kentucky Statutes provides: "In all
prosecutions in the circuit court when the county attorney
is present and assists in the prosecution, he shall receive
from the State Treasurer 25 per cent. of all judgments ren-
dered in favor of the Commonwealth," etc. It is plain that
it was contemplated by the statutes that the county attorney
that was present and assisting in the prosecution at the
time of the rendition of the judgment was entitled to the
per cent. allowed by the statute. To construe the statute
otherwise would bring about endless confusion and litiga-
tion, and every outgoing county attorney would claim and
demand a part of the 25 per cent. on each judgment on
prosecutions originating during his term of office, to the
extent of his labor and service rendered therein. The agree-
ment made by the Commonwealth's attorney and the attor-
ney for the railroad was not binding upon either, and cer-
tainly was not binding upon the court. The court or either of
the parties could have ignored it, and it did not fix the liabil-
ity of the railroad company in the event the appeals were
affirmed. It could have pleaded "Not guilty," and have had
a trial by the court or jury, in each or all of the twelve in-
dictments. And the Commonwealth's attorney could have
forced the railroad to have tried all the cases, and it was

within the discretion of the court to render the judgments in accordance with said agreement, as it did, or refuse.

Perceiving no error, the judgment of the lower court is affirmed.