## Commonwealth, for use, et al. v. Dillon, Clerk, et al.

(Decided March 24, 1916.)

### Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Taxation—Sale of Land for Taxes—Commission of County Attorney.—Under section 4153 of the Kentucky Statutes which fixes the commissions of a county attorney in cases where lands sold for state taxes are redeemed, at twenty per cent. of the amount of the money paid to redeem such land, the county attorney in office and who gave the notice to the land owner as required by the statute, is entitled to the commission allowed by the statute.

2. Taxation—Sale of Land for Taxes—Commission of County Attorney.—As between a county attorney in office at the time the notice is given to the owner of land sold for taxes, as required by section 4153 of the Kentucky Statutes, and a county attorney who subsequently took office, and was in office at the time the property was redeemed, the former is entitled to the twenty per cent. commission allowed to a county attorney by section 4153 of the Kentucky Statutes.

F. J. HANLON and M. F. BROWN for appellants.

S. D. ROUSE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

The appellant, Francis J. Hanlon, has held the office
of county attorney for Kenton county continuously since
January 1st, 1910.

The appellee, John B. Dillon, is the clerk of the Ken-
ton county court, and has held that office throughout the
same period.

Hanlon, as county attorney, brought this action
against Dillon, as county clerk, to recover the statutory
commissions of 20 per cent. which Hanlon claims is
due him on sums collected by the clerk in the redemption
of property bought by the Commonwealth for taxes.
The plaintiff further contends that his commissions
should be calculated upon the entire sum paid to re-
deem the property, including the fees of the sheriff and
the county clerk.

This claim is made under section 4153 of the Ken-
tucky Statutes, which reads as follows:

"It shall be the duty of the county attorney for each
county within fifty days after sale, to notify the owner
of the land purchased by the state, county and district
of such purchase; and if the land so purchased be not
redeemed within thirty days from such notification, he
shall institute a proceeding for the recovery of posses-
sion of such land; and if such land be redeemed after
such proceedings are instituted, the owner shall, in ad-
dition, pay the costs of such proceedings. The failure
of the county attorney to give such notice and institute
such proceedings within the time specified shall subject
him to a fine of twenty dollars for each offense; and it
is hereby made the duty of the county judge to report
each and every such failure to the circuit court, at its
next term thereafter, whereupon the circuit judge shall
cause to issue a rule against said county attorney to show
cause, if any, why said fines shall not be entered up
against him; and such fine, when collected, shall be for
the benefit of the state. In every case where such lands
are redeemed from the state, county and district at any
time within the period of two years allowed for redemp-
tion, the county attorney shall have as his commissions,
when he attends to his duties, twenty per cent. of the
amount of the money paid to redeem such land, but if
he fail to attend to such duties, he shall receive no com-

mission, and the whole of the redemption money shall belong to the State, county and district. It shall be the duty of the purchaser other than the state, county and district, within fifty days after the sale, to give notice in writing, to the owner of the land purchased by him, of such purchase, and if such land be not redeemed within six months after such notice, he may institute proceedings for the recovery of the possession of such land.''

By his answer Dillon showed he had paid to the plaintiff's predecessor in office all the commissions due upon sales of property for delinquent taxes made prior to January 1st, 1910, the date on which Hanlon assumed the office of county attorney. The answer further asserts that in case the plaintiff should be entitled to recover, he can only recover twenty per cent. of the net amount of taxes paid to redeem delinquent property after paying the appellee as county clerk, and the sheriff of Kenton county, their legal fees and commissions; that he cannot recover any portion of the fees of those officers.

There is no dispute as to the facts of this case; the only contest relates to the interpretation of the statute above quoted, when applied to cases where the land was sold during the term of his predecessor, and redeemed after the present county attorney took office.

The trial court sustained a demurrer to the petition, and the plaintiff having declined to further plead, his petition was dismissed. He appeals.

It will be noticed from the language of section 4153, *supra,* that the county attorney shall have as his commissions, when he attends to his duties, twenty per cent. of the amount paid to redeem the land sold. It is the duty of the clerk to collect the money paid to redeem land which has been sold for delinquent taxes, and it is also the duty of the clerk to pay to the county attorney the twenty per cent. commissions provided by the statute. Dillon has paid the appellant his full commissions on the sales of the property made by the sheriff for the years 1909 to 1915, inclusive; and, he has paid to appellant's predecessor in office his legal commissions on redemption money collected on all sales of property made prior to 1909.

The two questions raised by this record pertaining to the commissions of the appellant are: (1) Had the county court clerk any authority in law to pay appellant's predecessor commissions on redemption money

paid to redeem property sold for taxes during the term of office of appellant's predecessor, where the redemption money was paid to the clerk during the incumbency of appellant as county attorney? and (2) if the county attorney is entitled to his commissions on the redemption money so paid, should his per cent. be calculated upon the total amount paid to redeem the land, or is it to be calculated upon the net amount left, after deducting the sheriff's and county court clerk's commissions and costs allowed them by law?

The clerk justified the payment of commissions to appellant's predecessor in office upon sales made during the predecessor's term under the authority of section 4153, *supra*, which makes it the duty of the county attorney to notify the owner of the land purchased by the state, and that the plaintiff's predecessor gave the notice required by the statute.

Appellant contends, however, that he is entitled to the commissions irrespective of the time when the property was sold for delinquent taxes, if the redemption money was paid while the appellant was county attorney.

Under section 4149 of the Kentucky Statutes the property of delinquent taxpayers is sold by the sheriff in December of each year, after fifteen days advertisement, and the report of such sale is made by the sheriff to the county court clerk under section 4162 of the Kentucky Statutes, who is required to enter the same in a book kept by him for that purpose. As this report must be filed by the sheriff in twenty days, it is manifest that it does not go to the clerk and the entry thereof is not made until after January 1st. And the duties of the county attorney prescribed by section 4153, *supra*, are presumably performed after the sheriff's report has been made to the county clerk.

So, it will appear that the plaintiff was entitled for the first time to the commissions on sales made in December, 1909, if the appellee's contention as to the construction of the statute is correct. If the right of the county attorney to the fees in any one year is dependent upon the services he renders in giving the notice required by the statute, appellant's statutory duties were first performed in connection with the sales made in December, 1909, and for that service he admits he has been paid.

It is alleged in the reply, however, that the plaintiff immediately after his qualification as county attorney in January, 1910, made a thorough examination of the records of the county court clerk's office and ascertained the names of property owners who were delinquent for state and county taxes for the years 1905 to 1909, inclusive, and notified them that their property had been sold for delinquent taxes; requested them to pay said delinquent taxes to the county court clerk; and, that they paid their delinquent taxes and redeemed their property subsequent to the giving of these notices by the plaintiff.

It is clear, however, that if the statute does not give the appellant the right to commissions upon redemptions for the years prior to 1909, his work in relation to those taxes as above specified did not enlarge his right in any way.

It will further be noticed that section 4153, *supra*, provides that in every case where lands are redeemed at any time within the redemption period of two years, the county attorney shall have his commissions, "when he attends to his duties"; but, if he failed to attend to such duties, he shall receive no commission, and the whole of the redemption money shall belong to the state, county and district.

Appellant cannot claim to have performed the duties imposed by the statute upon his predecessor in office; and since, by the terms of the statute, he is not permitted to collect commissions unless he perform those duties, we do not see how his claim can be sustained. The only other duty imposed upon the county attorney is, that he shall institute suit for the recovery of the possession of land so sold on behalf of the state, county or district; but the plaintiff does not claim that he ever performed that duty in connection with the sales for which he now seeks commissions.

Appellant insists, however, that he is entitled to the fees claimed, under the general principle that the right of compensation follows the title to the office, and that if the term of a county attorney expires before he has prosecuted an action to recover the property to judgment, and before the redemption money has been paid, he is not entitled to commissions.

While the general principle above announced may be conceded, its application does not help us in the decision

of this case, since the question for determination is, which county attorney is entitled to the commissions, the one in office when the notice was given, or the one in office when the redemption money was paid. After all, the question turns upon the interpretation of the statute; and, in doing that, our object must be to give to the language of the legislature the same meaning that the legislature itself attached to it.

A question similar in principle was raised and decided in Spaulding v. Hill, 115 Ky. 1.

In that case fourteen indictments were returned against the Louisville & Nashville Railroad Company in 1898, and on trial of two of the indictments fines were assessed. In order to test the validity of the indictments the attorney for the railroad company and the attorney for the Commonwealth agreed to appeal the two cases which had been tried, and to hold the remaining cases in abeyance to abide the result of the cases appealed. The judgments having been affirmed in 1901, judgments were subsequently entered in 1902 assessing fines in four of the remaining cases which had been held in abeyance.

Under section 133 of the Kentucky Statutes, in all prosecutions in the circuit court, when the county attorney is present and assists in the prosecution, he shall receive from the State Treasurer twenty-five per cent. of all judgments rendered in favor of the Commonwealth.

Spaulding was the county attorney when the indictments were returned, and when the first two indictments were tried and the fines were assessed. But before the subsequent four cases were tried Spaulding had been succeeded by Hill as county attorney; and, the question arose between them as to which was entitled to the fees upon the fines assessed in the last four cases.

In deciding in favor of Hill, the county attorney in office at the time the judgments were entered, the court said:

"It is plain that it was contemplated by the statutes that the county attorney that was present and assisting in the prosecution at the time of the rendition of the judgment was entitled to the per cent. allowed by the statute. To construe the statute otherwise would bring about endless confusion and litigation, and every outgoing county attorney would claim and demand a part of the 25 per cent. on each judgment on prosecutions originating during his term of office, to the extent of his labor and service rendered therein."

Again, in Commonwealth v. Spraggins, 18 B. M. 512, it was contended that the right of a Commonwealth's attorney to commissions upon money paid under a recognizance, vested upon the commencement of the proceedings to enforce its collection. The court held, however, that the right to the commissions accrued upon "judgments upon forfeited recognizances"; that until the obtention of a judgment the law gave no part of the amount of the recognizance to the Commonwealth's attorney; and, that it was given to the attorney in office at the time the judgment was obtained and as compensation for his services in obtaining the judgment.

From these authorities it may be fairly concluded that the person in office at the time he is required, under the statute, to perform the duties of the office, is entitled to the compensation. In the Spraggins case, *supra,* the statute based the right to commission upon the fact that a judgment had been obtained in behalf of the Commonwealth; and, of course, a judgment could only be obtained by the Commonwealth's attorney then in office.

Likewise, in the Spaulding case, *supra,* the county attorney's right in commissions was made dependent upon his being present and assisting in the prosecution which ended in a judgment for the Commonwealth.

In each of those cases the person in office at the time of the performance of the duties which were made a prerequisite to the right to commissions, was given the commissions.

In the case at bar the first pre-requisite duty is the giving of the notice by the county attorney then in office; and the statute expressly provides that if he fails to perform his duty in that respect, he not only shall receive no commission, but he may be fined for his failure. It is the performance of the duty required by the statute that entitles him to the compensation provided by the statute. If the land is redeemed after he has performed his duty by giving the notice, he is entitled to commissions; if it be redeemed without his having given the notice, he is entitled to no commissions. Why? Because he has failed to perform the duty imposed upon him by statute in order that he may be entitled to compensation. The performance of that duty within fifty days fixes the right; and, of necessity, it can be performed only by the county attorney then in office. The construction claimed by appellant might require a county attorney to

work gratis and under penalty of being fined, and would at the same time give the commission to one who had performed none of the services required by the statute. This the statute expressly forbids.

The right of the county attorney who gives the notice cannot be affected by some voluntary act or service of a succeeding county attorney. It follows, therefore, that the plaintiff's claim cannot be sustained, and that the circuit court properly sustained the demurrer to the petition.

Under this view of the case, it becomes unnecessary to consider the other question suggested by appellant, that he is entitled to have his commission calculated on the total sum collected by the county court clerk in cases of redemption, including the fees of the sheriff and the county court clerk. Holding, as we do, that the appellant is not entitled to commissions upon any part of the redemption moneys paid in this case, the question as to how the compensation claimed should be computed, offers a mere academic discussion.

Judgment affirmed.