## Miller et al. v. Kirksey et al.

(Decided June 23, 1936.)

C. C. GRASSHAM for appellants.

BEN S. ADAMS and H. WARREN MIDDLETON for appellees.

RICHARD PRIEST DIETZMAN for amicus curiae.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

We are confronted with the duty to construe and apply to the admitted facts so much of the Revenue Act of 1902 which has since become section 4153, Kentucky Statutes, and that which has since come to be section 4151-2. The parties agree in their briefs that the Revenue Act of 1906 copied these two sections (24 and 25) "without noticing that it had injected between the two some other sections." For this reason,

"the peculiar reading now in section 4151-2 (Carroll's Statutes 1930 Ed.), 'in the next section,' when the next section is not literally section 4153."

Section 4151-2 was amended and re-enacted in 1932. Baldwin's Supp. Kentucky Statutes, 1933 Edition.

"Section 4153, so far as pertinent to our question, provides that in 50 days after the sheriff has sold land for taxes, it is the duty of the county attorney to notify the owner of the land, and if the owner does not redeem his land within 30 days after such notification, it is then the further duty of the County Attorney to institute a proceeding for the recovery of the possession of the property. To summarize the provisions of these two sections

(4151-2 and 4153) as they stood prior to 1932, after the land had been sold for taxes, the owner, if the county attorney did his duty, received within 50 days from the date of the sale, a notice of such sale, and 30 days thereafter was subject to a suit for the recovery of the possession of the land by the state. Thus, prior to 1932, it was possible for the state in approximately three months after the sale of the property for taxes to get possession of it. If it did, the land owner was out of possession. However, despite his lack of possession, he thereafter had two years from the date of the sale within which to redeem his property and so get back in possession.''

Section 4151-2 (Act of 1932 [Ky. Stats. Supp. 1933]) provides for the sale by the sheriff, or the collector of taxes of land for delinquent taxes, and that the owner shall have the right to redeem it within five years after the date of sale. It further provides:

''The State, County and District shall have the right to possession of land purchased by them [at the sheriff's sale for delinquent taxes] at any time after the expiration of the five years allowed for redemption by giving thirty days' notice to the owner.''

It should be noted that this section requires the sheriff or collector to ''make returns to the county clerk as provided in section 40 (K. S., sec. 4162) of article 8, and the clerk shall certify the same to the auditor of public accounts.'' It confers on the clerk the authority to collect of the owner the taxes with interest, penalty, and costs, with the privilege of retaining a commission of 5 per cent., and imposes upon him the duty of remitting the remainder to the auditor.

John E. Kirksey, county attorney of McCracken county, in order to have construed section 4151-2 (Act of 1932), and have defined his duty under section 4153 to notify, within fifty days after the date of sale, the owners of land purchased by the state, McCracken county, and other taxing units of the purchase of the land by them at the sheriff's sale for taxes made by him under section 4151-2, and whether it was his statutory duty, after giving such owners the fifty-day notice, to

file suits against them to recover the possession of the land, gave the fifty-day notice to, and prepared petitions against 1,750 landowners whose property had been sold by the sheriff for delinquent taxes and purchased by him for the state, county, and district. He lodged the petitions with the circuit court for the issuance of process. Soon after they received the fifty-day notice, many landowners redeemed their respective land by paying to the county court clerk

"the purchase money with interest at the rate of 6 per cent. per annum, and in addition 2 per cent. penalty upon the total amount of the purchase price and the amount of all costs."

Thereupon, he demanded of the clerk the payment to him of "twenty per cent (20%) of the amount of the money paid" by such owners. The county clerk declined to pay it. He brought this action for a mandamus to compel her to pay him the 20 per cent., aggregating $1,231.13 for the year 1932.

McCracken county, by its county judge and commissioners, filed an intervening petition to be made, and was made, a defendant. It and the county court clerk filed a joint demurrer to the petition. It was overruled. A judgment was rendered in accordance with the prayer of the petition. The demurrer to the petition presents the determinate issue.

"Prior to 1932, the county attorneys were under the duty to notify the owner of land that his property had been sold for taxes and that if the owner did not redeem it for 30 days to bring suit for possession." "If the owner redeemed the land within the 30-day period, the county attorney was entitled to his commission of 20% of the amount paid to redeem the land although no suit had yet been brought for possession."

The question to be decided is, whether section 4153 of the statutes, in so far as it provides that the county attorney shall send out notice and is entitled to a commission of 20% during the redemption period and before suit can be brought for possession, was repealed by chapter 142 of the Acts of 1932, section 4151-2.

The notice provided for in section 4153 must be

given by the county attorney as required by section 4158, Ky. Statutes. It will be observed that this section requires that the notice "shall be served"

"upon any member of his family in the county over sixteen years of age; if none, then, * * * upon his agent, if any in the county; and if none, then, * * * by a printed or written notice, posted at the court house door and on or near the premises."

A notice given by merely mailing a letter is insufficient under this provision. Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S. W. 652.

In Commonwealth, for Use, et al. v. Dillon, Clerk, 169 Ky. 353, 183 S. W. 542, it was ruled that if the county attorney complied with section 4153 by giving the owner notice, as therein stated, and if the owner thereafter redeemed the land, the county attorney was entitled to the 20 per cent. commission of the amount paid to redeem it, though no suit had yet been brought for possession.

It is the contention of the county clerk that section 4153 was impliedly repealed by section 4151-2, and that under the construction of the latter section as given it in Russell, Sheriff, v. County Board of Education of Logan County, 247 Ky. 703, 57 S. W. (2d) 681, the duties imposed upon the county attorney by section 4153 were simply postponed until the time for redemption expired, as it is fixed by section 4151-2.

The Legislature, Acts of 1936, c. 105, p. 327, approved February 26, 1936, amended and re-enacted section 4151-2. As amended and re-enacted, it contains this clause:

"Nothing contained herein or in Chapter one hundred forty-two (142) of the Acts of one thousand nine hundred thirty-two (1932) of the General Assembly of Kentucky, shall be construed as affecting the duties of the county attorney, with reference to the giving of notice as provided in Section four thousand one hundred fifty-three (4153), Carroll's Kentucky Statutes, or as affecting his compensation as provided in said section."

By reason of this clause, we are relieved of the duty of determining whether the original enactment of which

section 4151-2 (Ky. Stats., Supp. 1933) is a part (Act of 1932, c. 142) impliedly repealed section 4153. The effect of adding thereto the above-quoted clause was to incorporate it into the original act; and, in the absence of any intervening rights, it is our duty to give the original act of which section 4151-2 is a part, the same meaning and effect as if the added clause had been embodied in it at the time of its passage.

The rule is,

"if a thing contained in a subsequent statute be within the reason of a former statute, it shall be taken to be within the meaning of that statute. And if it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning, and will govern the construction of the first statute."

United States v. Freeman, 3 How. 556, 11 L. Ed. 724; Mosley v. Bidwell (C. C. A.) 130 F. 334; State ex rel. v. Trustees of Soldiers' and Sailors' Orphans Home, 37 Ohio St. 275; Pannell v. Louisville Tobacco Warehouse Co., 113 Ky. 630, 68 S. W. 662, 23 Ky. Law Rep. 2423.

Considering section 4151-2 (Ky. Stats., Supp. 1933); (the Act of 1932, c. 142) in this light, it is plain that section 4153, in so far as the question here presented is involved, is not repealed impliedly or otherwise.

Wherefore, the judgment is affirmed.

Whole court sitting.