## Martin, Co. Atty., v. Taylor, Clerk, et al.

March 17, 1944.

Chas. R. Bell for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, and plaintiff below, Otto C. Martin, has been county attorney of Ohio County from November 9, 1938, continuously to the present time. Upon investigation of the county records, he found that a great number of taxpayers had failed to pay their taxes in the years preceding his induction into office, running back to 1931; that the sheriffs in office at the time the taxes became delinquent levied on the real estate belonging to the taxpayer (or, which he owned at the time of assessment in the manner provided by law) and advertised and sold the real estate, buying it in for the taxing unit or units for which he was collecting the tax; that the sheriff had filed the report of his sales to the county court clerk as required by law, but the then county attorney failed to give notice to the taxpayer (or the one then owning the property, if the real estate had been sold by the taxpayer) within fifty days after the land had been sold by the sheriff and no such notice was ever given by appellant's predecessors in office. Upon ascertaining such facts he gave notice to the then owners of the assessed lands at the various times when the levy and sale by the sheriff was made and later filed about 75 actions seeking an enforcement of the collection of the taxes for the benefit of the taxing units by a sale of the lands which had been so sold and not redeemed. After the giving of such notice by plaintiff, and after he filed some of the suits, if not all of them, many persons so notified appeared before the then county clerk of Ohio County and paid their taxes with penalties and interest prescribed by statute.

Twenty percent of the delinquent taxes so collected by the county clerk after plaintiff had given the notices supra, amounted to $847.94, which the county clerk paid to the preceding county attorney who was in office when the sale of the delinquent land was made by the sheriff.

The present county clerk also collected $300 from delinquents whom plaintiff had notified and against whom he, perhaps, had instituted actions. Claiming that he was entitled to both amounts ($847.94 and $300) he filed this action in the Ohio circuit court against all interested officers, including ex-county attorneys throughout the period for which recovery was sought, and in his petition he pleaded in detail and with elaboration, not only the facts which we have endeavored to substantially set out, but also the various sections of the statute in existence at the time he was elected, and the altered 1940 statutes in existence at the time he filed the action, being sections 134.500 and associated ones in KRS.

One of the preceding county attorneys was the present judge of the Ohio circuit court, the Hon. Clarence Bartlett, but the claim against him was satisfactorily adjusted with plaintiff and it is so alleged in the petition. Being a party to the litigation, Judge Bartlett declined to sit in the case and the Hon. Allen P. Cubbage was agreed upon as special judge. The petition was amended and after the filing of the amendment the court sustained the demurrer of defendants thereto, and plaintiff declining to plead further, the petition was dismissed, to reverse which he prosecutes this appeal.

The court filed an opinion basing his conclusions (1) on the interpretation given of section 4153 of Baldwin's 1936 Revision of Carroll's Statutes, by this court in the case of Com. v. Dillon, 169 Ky. 353, 183 S. W. 542, 545, and (2) that the 1940 Act was prospective only. In that (Dillon) case the county attorney of Kenton County, Francis J. Hanlon, sought to recover from the county court clerk of his county commissions that had been paid to defendant by delinquent taxpayers of the county whose taxes became so during the term of plaintiff's predecessors in office; but, since plaintiff himself did not give the requisite notice within the fifty days after the sale of the property by the sheriff and bought it in for the taxing unit, plaintiff was not entitled to the 20% commissions.

Section 4153, supra, after prescribing for the notice to be given by the county attorney to the taxpayer prescribes that if the land should not be redeemed "within thirty days from such notification" then the county attorney shall institute an action to enforce the collection

of the taxes. Further along in the same section it is prescribed that: "The failure of the county attorney to give such notice and institute such proceedings within the time specified" will subject the county attorney to a fine also prescribed in the statute. Also it is prescribed therein that:

"In every case where such lands are redeemed from the state, county and district at any time within the period of two years allowed for redemption, the county attorney shall have as his commissions, when he attends to his duties, twenty per cent (20%) of the amount of the money paid to redeem such land, but if he fail to attend to such duties, he shall receive no commission, and the whole of the redemption money shall belong to the state, county and district."

It will be observed that in order to entitle the county attorney to the 20% commission provided in that section he must both give the notice to the taxpayer within fifty days after the sale and if the land is not redeemed within thirty days thereafter then he must also institute the proper action to enforce the tax lien. In other words, he must do both in order to be entitled to the 20% prescribed commission. That was the determination in the Dillon case supra, and in the last excerpt, supra, from the statute it is said: "if he fail to attend to such duties" (plural), he shall not be entitled to the commission. There are, as we have seen, two duties prescribed in that section of the statute— one, the giving of the notice within the time prescribed, and the other is to follow up that notice, if the land be not redeemed within thirty days after its giving, with the filing of an action to enforce the lien.

In this case plaintiff gave a notice but it was long after the fifty days following the sale, and also after the two years allotted for redemption by the taxpayer, before any action was filed by him. Therefore, if the law with reference to the collection of taxes on property which the sheriff had bought in at his sale in the name of the taxing unit or units had remained as it was prior to 1940, the plaintiff would not be entitled to the commissions which he seeks to have adjudged to him under the very wording of the statute and under our interpretation of it in the Dillon case.

But in 1940 the Legislature by chapter 180, page 695 of the Session Acts of that year, enacted a statute

entitled, "An Act relating to revenue and taxation," which created an entirely new procedure for the collection of taxes resulting in many changes and alterations of preceding statutes relating to the same subject, chief among which was, that the sheriff, instead of selling the land in order to collect the taxes, issues what the 1940 Act denominated "a certificate of tax delinquency" and which he so reports as required by that act to the county court clerk instead of reporting an outright sale of the land as was required of him under preceding statutes. That statute (section 9) requires the county attorney after the sheriff has so reported to cause notice to be served on the delinquent taxpayer advising him that the taxes constitutes a lien of record against his land and that the taxes thereafter would bear 12% interest. Failure to give that notice subjects the county attorney to a prescribed fine. Further along in the second paragraph of that section it is prescribed that if the county attorney fails to give the notice, or fails to prosecute the remedies for collection of Certificates of Delinquency within 12 months after the right accrued, then the Department of Revenue may perform such duties. Also in the same second paragraph, it is said:

"However, if more than one county attorney renders necessary services in an effort to collect a tax claim, the attorney serving the last notice or rendering the last substantial service preceding collection shall be entitled to the commission on the amount collected for each taxing unit. When the Department of Revenue performs the duties of the county attorney without his assistance or cooperation, the fee which would otherwise be paid the county attorney shall be paid to the Department of Revenue for deposit in the Delinquent Tax Fund."

Therefore, if the 1940 Act could be given a retroactive effect (which we are inclined to conclude it could not) then plaintiff's action was not filed within twelve months after the right to file it accrued, it being essential under the old statute prior to 1940 that for such a right to accrue as to delinquent taxes under the old law, the taxpayer should receive notice from the county attorney within fifty days of the sale made by the sheriff which was not given by anyone in this case.

As said in the Dillon case, "The construction claimed by appellant might require a county attorney

to work gratis and under penalty of being fined, and would at the same time give the commission to one who had performed none of the services required by the statute.'' It was also said in that opinion that the right of the county attorney who gives the notice (but within the 50 days prescribed) cannot be affected by some voluntary act or service of a succeeding county attorney. Paraphrasing that quotation it might be said in this case, even if the 1940 Act could be made retroactive, that the Department of Revenue for the benefit of the delinquent tax fund ''cannot be affected by some voluntary act or service of a succeeding county attorney.''

It may be that the condition of the law as so construed creates a hiatus that should be corrected, but if true, the correction should be made by the Legislature and not by the court. Moreover, the Department of Revenue would no doubt secure the services of the county attorney if it became necessary under the 1940 Act for it to proceed to enforce the lien. But, however that may be, we have been unable to arrive at any interpretation that would sustain plaintiff's right to the commission he seeks to recover.

The claimed commission belongs to the office of county attorney and is payable to the incumbent who brought about the redemption by the taxpayer, provided he performed his duties as pointed out in the statute, and which the Dillon case so held. If any of plaintiff's predecessors in office had failed to perform such duties as a prerequisite of earning the commission, and should also fill the office by a succeeding election it could scarcely be contended that during the latter term he could perform the duties necessary to entitle him to receive the commission which plaintiff seeks to recover. It is our conclusion that plaintiff occupies no more advantageous position than would be occupied by any of his predecessors who might be continued in office by re-election.

Nothing herein said should be construed as approving the right of the county court clerk in making the payments of the commission to recalcitrant predecessors of plaintiff, nor of their right to retain the sums so paid to them, since those questions are not presented and therefore not determined.

Wherefore, for the reasons stated, the judgment is affirmed.