## Gilreath et al. v. Stephens.

March 1, 1946.

690

H. C. Gillis and Robt. L. Smith for appellants.

J. E. Stephens and G. W. Stephens for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is a suit by the appellants, Luther Gilreath and Albert Gilreath, against Frank Stephens, to quiet title to 75 acres of land on the waters of Marsh Creek and Pleasant Run Creek, in McCreary County. The petition sets out the plaintiffs' record title and charges that the defendant is making some claim to and trespassing upon an undescribed portion of the tract. The answer was a traverse only. The particular issue was the location of a boundary line and that depended upon the location of a beginning corner, "a chestnut oak at top of the mountain." Judgment was for the defendant.

It is difficult, if not impossible, to understand much of the evidence because the witnesses apparently assumed that the court was acquainted with the situation and some of the places they referred to. We do understand quite clearly that the evidence is contradictory as to the location of the boundary line. That being so, we shall accept the finding of the chancellor.

Through their present counsel, who did not represent them in the circuit court, the appellants insist that they established title to the small parcel of land involved by adverse possession, and urge a reversal of the judgment on that ground. The plaintiffs pleaded specifically a record title only. This confined the issue of fact to that one question, since the defendant did not enter a specific plea asserting his own title. So even if the evidence should be regarded as sufficient to establish title by adverse possession, the variance between pleading and proof prevents a recovery. Whitaker v. Million, 270 Ky. 708, 110 S. W. 2d 653; 51 C. J. 242, 244; 2 C. J. S., Adverse Possession, sec. 209.

The judgment is affirmed.