## Barrett et al. v. Elliott et al.

December 3, 1946.

As Corrected on Denial of Rehearing

April 25, 1947.

Ray C. Lewis, Judge.

C. R. Luker for appellants.

J. K. Lewis for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This action involves a dispute over the title to 15 acres of land in Laurel County.

The appellees claim title under a deed dated April 23, 1904, from Wade Jones and J. C. McKee and their wives, to F. P. Elliott who died intestate in March 1923. The appellees are his heirs at law. W. C. Jones and J. C. McKee took their title from Polly Jones, the deed to W. C. Jones for 35 acres being dated December 22, 1900, and the deed to McKee for 66 acres being dated May 23, 1902.

Appellants claim that in 1892 or in 1893, Willis Barrett and his father contracted to purchase from J. C. McKee a tract of land, which they insist included this 15 acres, and took possession of the same. Some time thereafter Willis Barrett assumed his father's rights and obligations by an oral assignment and succeeded in paying for the land in February 1903, and at that time he received a general warranty deed from McKee for

65½ acres. The evidence for appellants shows that at the time Willis Barrett and his father moved onto this property they lived in a house located on the 15 acres in controversy, but after the father left, and before the deed from McKee was delivered to Willis, he moved to another part of the farm, and away from this 15 acre tract. Some of the evidence shows that at one time Willis Barrett agreed to sell this 15 acres to Wade Jones who may or may not be the same Jones who conveyed to F. P. Elliott in 1904. This Jones paid a portion of the purchase price but failed to pay the entire balance due, moving away from the property some years after he agreed to buy it.

Title is also claimed under a deed acquired by reason of a purchase at a tax sale. Some of the evidence indicates that at one time this 15 acres was listed for taxes in the name of Granville Petrey who failed to pay the taxes due, resulting in the tax sale. Barrett claims that he acquired this deed in 1907, but it was not recorded until 1942. It is impossible to tell from this deed whether it included the 15 acre tract in question. Barrett also claims to have paid taxes on the land since 1907, but the tax receipts he files show they refer to 65 acres. Barrett mortgaged this 65 acres on two different occasions, once to the Federal Land Bank and once to a local bank, the title to the land having been abstracted and accepted in each instance. Both these mortgages call for 65 acres, more or less. It is also claimed that the McKee deed to Barrett erroneously conveyed 65½ acres when it should have included the additional 15 acres, but that claim is eliminated because this is not a suit for the reformation of the deed.

It is difficult to tell which claim the Barretts place their chief reliance on, since the testimony refers to several. However, it seems to us that the most plausible contention is that the McKee deed to Barrett included the 15 acre tract under consideration. Four different witnesses were introduced, three for the appellants and one for the appellees. The three witnesses for appellants fail to qualify themselves as competent surveyors, and even if they had their testimony is difficult for us to interpret. On the other hand, the one witness for appellees is a competent surveyor, qualified as such by reason of his education and experience. At the time he testified

in this action he was the county road engineer for the county in which the land is located. This witness made a survey which includes the land involved and the adjacent property, and his testimony is clear and convincing. The effect of his evidence is that the 65 acre tract owned by the Barretts abuts but does not overlap the 15 acre tract claimed by the Elliotts. This evidence is more than sufficient to support the findings of the chancellor, which we will not disturb in an action of this sort where the evidence is conflicting and confusing. See Gilreath et al. v. Stephens, 301 Ky. 689, 192 S. W. 2d 966.

Judgment affirmed.