## Cardwell et al. v. Arkansas Fuel Oil Co., Inc.

### April 22, 1947.

Elvis J. Stahr, Judge.

R. A. Roberts, Lon Adams and Robert E. Webb for appellants.
Jess F. Nichols for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

During the year 1941 appellants purchased merchandise from appellee, deliveries being made as needed and payments made on the account from time to time. During this period appellee was represented by an agent, D. J. Perry, who was authorized by his employer to extend credit to appellants in an amount not in excess of $300.

From May to October 1941 credit was extended and payments made from time to time, but the credit limit was sometimes exceeded. In October 1941 Perry's connection with appellee was severed and at that time, according to appellee's records, there was a balance of $1317.07 due it from appellants. Appellants deny owing more than $300 which they are ready and willing to pay, and this suit was instituted for the purpose of enforcing collection of the difference. Judgment was rendered for the full amount and this appeal followed.

No question of law is presented, the only question being whether the proof sustains the judgment. Since the action involves a question of accounting it was transferred to equity and tried before the chancellor.

A statement of the account is filed with the petition, which shows invoices beginning May 27, 1941, and ending October 3, 1941. The petition was filed August 3, 1942. On September 30, 1942, the original answer was filed. This answer was a mere denial that appellants were indebted to appellee in any sum. On May 17, 1945, after some evidence had been taken, an amended answer was filed, which was nothing more than a specific denial of the material allegations of the petition. On April 11, 1946, after all evidence had been taken and the case ordered submitted, the order of submission was set aside

and appellants were permitted to file their second amended answer which for the first time pleaded payment of a portion of the account and admitted that there was an unpaid balance of $300.

The appellants introduced two witnesses, J. R. Cardwell, one of the appellants, and a brother of D. J. Perry, appellee's former agent. Perry's testimony has little, if any, bearing on the issues presented here. His evidence is to the effect that he assumed his brother's duties when his brother's connection with appellee was terminated, and that on three or four occasions he attempted to make collections for his employer in accordance with statements of accounts sent to him, but found that the customers possessed receipts showing payment in full of the accounts.

Cardwell's testimony is to the effect that his firm owed no more than the balance of $300, and he filed as exhibits to his deposition statements from appellee and appellee's auditors which show a balance due of $300. These statements are dated in November 1941, which was after the date of the last invoice covering purchases by the appellants. The statement filed with the petition and the statement filed with the Cardwell deposition are practically identical, except that the statement filed with the Cardwell deposition shows two credits, one for $591.73, dated October 20, 1941, the other for $424.34, dated November 17, 1941. Both statements show four credits totaling $241.21, and the difference between the amount claimed by the appellee and the amount admitted to be due by appellants is made up of the two credits just referred to. Cardwell produced no receipts, no cancelled checks, and his testimony is not clear as to what payments or credits he claims on the account. It is to be noted that the two items of credit referred to are dated sometime after D. J. Perry had terminated his connection with appellee, but nowhere in the record is there any explanation of these two items.

Four witnesses testified for appellee that the correct balance due on the account was the amount sued for. One of these witnesses said that he presented Mr. Cardwell a statement of the account showing the balance due to be the amount claimed, and talked with him about it, and that Mr. Cardwell agreed that the amount was cor-

rect and said he would pay it. He further says that Cardwell fixed a definite time for payment and that he, accompanied by another representative of appellee, called on Mr. Cardwell at that time but found that he was out of town.

While the evidence concerning the account is confusing, and there is no testimony to explain the discrepancies in the statements filed in the record, we are only concerned with the question of whether there is sufficient evidence to support the finding of the chancellor. We have concluded that the testimony of the four witnesses introduced for appellee is amply sufficient to sustain the judgment, and this being true it must be and it is affirmed. See Gilreath et al. v. Stephens, 301 Ky. 689, 192 S. W. 2d 966.

Judgment affirmed.